FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

MAR 31 2006

LUTHER D. THOMAS, Clerk
By: /s/ Sewell
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BERNARD CATLIN, INMATE NO. 113345, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : : | CIVIL ACTION NO. 1:06-CV-0540-TWT |
| VICTOR HILL, Defendant. | : : | |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.), cert. denied, 510 U.S. 893 (1993). A complaint may be dismissed for failure to state a claim when it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992) ("In pleading a Section 1983 action, some factual detail is necessary . . .").

II.   Discussion

According to Plaintiff, on October 5, 2005, he was arrested for a parole violation and held at the Clayton County Jail. (Doc. 1 at ¶ IV). On November 9, 2005, Plaintiff allegedly waived formal extradition proceedings in order to

facilitate his transfer to Alabama. (Id.). On February 8, 2006, Plaintiff was transferred into the custody of Alabama officials, and he is currently being held a the Kilby Correctional Facility in Mt. Meigs, Alabama. (Id.). Plaintiff alleges that the delay in transferring him to Alabama violated his rights under the Constitution. (Id.).

Plaintiff also complains that he was placed in disciplinary lock-down at the Clayton County Jail without cause. (Id.) According to an attached exhibit, Plaintiff was kept in lock-down for five days as a result of failing to face the wall when Defendant Hill, the Clayton County Sheriff, was walking past him. (Doc. 1, attached exhibit). That exhibit also indicates that Plaintiff received a disciplinary hearing. (Id.). Plaintiff claims he did not face the wall because he did not see Hill approaching him. (Id.).

Plaintiff seeks money damages for being detained at the Clayton County Jail for approximately three months after he waived extradition proceedings and for being placed in lock-down. (Doc. 1 at ¶ V). Plaintiff also seeks money damages for the time his wife spent working to effect his transfer to Alabama. (Id.).

With regard to Plaintiff's confinement at the Clayton County Jail, it is well-established that prisoners and detainees do not have a constitutional right to

3

AO 72A
(Rev.8/82)

placement in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 225-28 (1976); Oladipupo v. Austin, 104 F. Supp. 2d 643, 650 (W.D. La. 2000) ("an inmate or detainee has no constitutionally derived liberty interest in being held in any particular institution"); Falcon v. U.S. Bureau of Prisons, 852 F. Supp. 1413, 1420 (S.D. Ill. 1994) ("pre-trial detainee does not have the right to be housed at the facility of his choice"), aff'd, 52 F.3d 137 (7th Cir. 1995). Thus, Plaintiff's allegations concerning the delay in extraditing him to Alabama do not state a cause of action under § 1983.

Plaintiff also complains that Clayton County Jail officials should not have placed him in disciplinary lock-down for five days. The mere placement in segregated confinement for five days, without more, does not state a violation of a federal right. Sandin v. Conner, 515 U.S. 472, 484 (1995) (no liberty interest implicated when prisoner placed in segregated housing for thirty (30) days); Surprenant v. Rivas, 424 F.3d 5, 13 (1st Cir. 2005) ("pretrial detainee may be disciplined for a specific institutional infraction committed during the period of his detention"); Holly v. Woolfolk, 415 F.3d 678, 681 (7th Cir. 2005) (no due process violation for placing pre-trial detainee in lock-down for two days without

a hearing). This Court finds, therefore, that Plaintiff's claim that he was improperly placed in disciplinary lock-down is not cognizable under § 1983.

III.  Conclusion

For the reasons given,

**IT IS ORDERED** that the instant pro se civil rights action [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's is **GRANTED** leave to file this action in forma pauperis.

**IT IS SO ORDERED**, this 31 day of March, 2006.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

5

AO 72A
(Rev.8/82)